UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PETER J. MESSITTE  
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND  20770
301-344-0632

M E M O R A N D U M

TO:        Counsel of Record

FROM:   Judge Peter J. Messitte

RE:        <u>Wash. Metro. Area Transit Auth. v. Local 689, Amalgamated Transit Union</u>
              Civil Case No. 09-3030

DATE:   June 30, 2011

******

This action concerns the validity of an arbitration award issued by a three-person Board of Arbitration (the "Board") convened for the purpose of arbitrating a collective bargaining dispute between Petitioner Washington Metropolitan Area Transit Authority ("WMATA") and Respondent Local 689 of the Amalgamated Transit Union (the "Union"). In its pending Second Renewed Motion for Summary Judgment and to Disqualify Board Members Kasher and Roth [Paper No. 57], WMATA maintains that two members of the three-person Board engaged in certain private communications prior to, and possibly during, the drafting of the Second Supplemental Opinion that the Court directed the parties to issue by Order dated February 17, 2011 [Paper No. 54]. The Union concedes that the communications took place, but disagrees with WMATA's argument that they were improper. The Union further maintains that, even if the communications were somehow ill-advised, they in no way prejudiced WMATA or otherwise had an improper impact on the drafting of the Second Supplemental Opinion.

Given that the specifics of the communications at issue have yet to be disclosed to the Court or, apparently, to WMATA, the Court finds that it is at this point unable to ascertain whether the communications were improper. Accordingly, the Court will conduct a teleconference, on the record, for the purposes of: (1) obtaining additional information regarding the content and context of the communications at issue; and (2) determining what additional steps, if any, may be necessary to aid the Court in resolving this issue. The Court expects that, in addition to counsel for the parties, the three members of the Board will participate in the teleconference.

Accordingly, counsel for the parties are **DIRECTED** to initiate a joint conference call and contact Chambers during normal business hours for the purpose of scheduling the aforementioned teleconference. Because the Court wishes to conduct the teleconference during the week of July 4-8, 2011, counsel should make every effort to contact Chambers by close of business on Friday, July 1, 2011.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

                                                                    /s/
                                                     _____
                                                     PETER J. MESSITTE
                                                     UNITED STATES DISTRICT JUDGE