**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,<br><br>Petitioner,<br><br>v.<br><br>LOCAL 689, AMALGAMATED TRANSIT UNION,<br><br>Respondent. | ) | No. 8:09-cv-3030-PJM |

**WMATA'S POSITION REGARDING *IN CAMERA* REVIEW OF COMMUNICATIONS BETWEEN BOARD MEMBERS KASHER AND ROTH**

The Washington Metropolitan Area Transit Authority ("WMATA") will consent to the Court's *in camera* review of the previously undisclosed communications, between Board Members. Kasher and Roth, provided that the relevant communications, whether written or oral, are also disclosed to WMATA and its counsel as part of such *in camera* review. The Union's persistence in refusing to allow WMATA to review the documents is untenable, as it continues to deny WMATA its due process rights. WMATA has the right to challenge the propriety of the communications, and absent a finding that the communications are "per se" prejudicial, WMATA must be able to review the communications in order to be able to litigate the issue before this Court and on appeal, if necessary.[1]

In its February 17, 2010 Opinion and Order, the Court directed the Board of Arbitration to comply with the National Capital Area Interest Arbitration Standards Act ("NCAIASA"), 40

[1] To the extent that further briefing or the Court's decision on this issue refer to specific communications between Mr. Kasher and Mr. Roth, WMATA expects that the relevant communications or portions thereof will be made part of the record in this case by filing them with the Court under seal.

U.S.C. §§ 18301 et seq. by issuing a Second Supplemental Opinion that explained how its Award was based in the record evidence. The Second Supplemental Opinion goes well beyond the scope of that directive, however, adding new findings that would shape the Award to the Union's benefit and to the detriment of WMATA in future interest arbitrations.[2]

WMATA believes and has alleged that these additions, along with the rest of the Second Supplemental Opinion, are the fruit of the communications that indisputably occurred exclusively between Mr. Kasher and Mr. Roth without the participation or even knowledge of WMATA or its own partisan Board Member, Mr. Clark. In his communications with Mr. Kasher, WMATA believes that Mr. Roth, acting simultaneously as partisan Board member, Union advocate and the Union's principal witness, essentially re-testified and reargued the Union's case to the Neutral Chairman. As WMATA explains in greater depth in its most recent pleadings to the Court, if these allegations are proven, they will plainly show a lack of procedural due process and significant prejudice to WMATA. If the Court is not prepared to find those communications prejudicial "per se," then to fairly and effectively support its allegations WMATA simply must have access to the evidence of all previously undisclosed deliberations and communications between Mr. Kasher and Mr. Roth and the opportunity, after reviewing that evidence, to bring to the Court's attention those elements of the communications that were prejudicial to WMATA due to their *ex parte* nature.

These circumstances are similar to those in the matter of Mullins v. AT&T Corp., 290 Fed. Appx. 642 (4th Cir. 2008), where the plaintiff in a dispute over the denial of long-term disability benefits argued that her employer's insurance administrator had abused its discretion

[2] See WMATA 4/14/11 Mem. in Supp. of Second Renewed Mot. for Summ. J. and Mot. to Disqualify Board Members Kasher and Roth at 30-32; WMATA 4/25/11 Resp. at 8 n.7, 18-19 & n.23.

and violated its own procedures in denying her claim. The plaintiff in Mullins sought discovery of claim processing manuals, protocols and internal guidelines used by the insurance processor, and argued she could neither demonstrate that the materials considered by the administrator were inadequate nor challenge the decision-making process itself unless she was able to review those materials and, if relevant, show to the Court the specific instances in which the materials indicated the process failed. Id. The Fourth Circuit agreed, finding that "meaningful appellate review of the denial of benefits simply cannot proceed until the factual and legal issues surrounding Connecticut General's claims-processing procedures are resolved" and directing the lower court (for a second time) to provide the plaintiff with all claims-processing documents that were relevant to her claim for benefits and to allow her a reasonable period of time to review those documents and to present argument as to how they supported her contentions. Mullins, 290 Fed. Appx. at 646-47.

WMATA now faces an obstacle to its due process rights similar to that which confronted the plaintiff in Mullins. Believing that the communications between Mr. Kasher and Mr. Roth breached standards of due process and resulted in a Second Supplemental Opinion that will cause it great and unjust harm if allowed to stand, WMATA must review the evidence of those communications if it is required to support its specific allegations of the prejudice that the *ex parte* communications will cause.

For these same reasons, if the Court will not direct the Union to produce for *in camera* inspection, with the same being provided to WMATA, all evidence of the previously undisclosed communications (whether written or oral) between Mr. Kasher and Mr. Roth, WMATA asks the Court to compel the Union to produce all of the communications by filing them under seal,

which will address the Union's expressed concerns about the sensitive nature of the "deliberations" between Mr. Kasher and Mr. Roth.

**CONCLUSION**

For the foregoing reasons, and the reasons stated in WMATA's prior briefs, WMATA respectfully requests that this Court order the *in camera* inspection, with the same being provided to WMATA, of all evidence of previously undisclosed communications (whether written or oral) between Mr. Kasher and Mr. Roth related to the Board's Second Supplemental Opinion, or in the alternative to compel the Union to file all such evidence under seal. In addition, WMATA respectfully requests that it be allowed sufficient time to review the evidence and to present argument as to how it supports WMATA's argument that the communications between Mr. Kasher and Mr. Roth were fundamentally unfair and prejudicial to WMATA.

Respectfully submitted,

/s/ Lesley Pate Marlin

Robert G. Ames, Bar No. 03372
Kenneth R. Hoffman
Brian M. Hudson
Lesley Pate Marlin, Bar No. 16556
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000
(202) 344-8300 (facsimile)
rgames@venable.com
lpmarlin@venable.com

Carol B. O'Keeffe, General Counsel
Bruce P. Heppen, Deputy General Counsel
WMATA
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-1234
(202) 962-2550
cokeeffe@wmata.com
bheppen@wmata.com

Counsel for WMATA