UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**PETER J. MESSITTE**  6500 CHERRYWOOD LANE
UNITED STATES DISTRICT JUDGE  GREENBELT, MARYLAND  20770
  301-344-0632

M E M O R A N D U M

TO:  Counsel of Record

FROM:  Judge Peter J. Messitte

RE:  <u>Wash. Metro. Area Transit Auth. v. Local 689, Amalgamated Transit Union</u>
  Civil Case No. 09-3030

DATE:  July 11, 2011

******

On July 7, 2011, the Court issued a Memorandum that gave counsel for the parties until close of business on Friday, July 8, 2011 to file papers advising the Court as to whether they consent to the Court's *in camera* review of the private communications that took place between Neutral Chairman Richard R. Kasher and Union Representative Thomas R. Roth during the drafting of the Second Supplemental Opinion issued by the Board of Arbitration on March 25, 2011. The parties have since filed papers advising the Court of their respective positions on that issue.

The Union consents to *in camera* review, on the condition that the Court alone—and not WMATA or its counsel—be permitted to review the private communications between Roth and Kasher. WMATA, on the other hand, will consent to *in camera* review only if the private communications are also disclosed to WMATA and its counsel. Alternatively, WMATA argues that the Court should compel the Union to file the private communications under seal.

Under the circumstances, the Court is inclined to issue a final decision in this case without reviewing the private communications between Roth and Kasher. Nevertheless, the Court will give either party until Friday, July 15, 2011 to provide the Court, in a filing not to exceed five pages, with *on-point* authority *directly* addressing any of the following:

1. The (in)appropriateness of private communications between members of an interest arbitration panel, to the exclusion of other members of the same panel;
2. Whether a court may compel the disclosure of private communications between members of an interest arbitration panel; or
3. Whether a court may review, *in camera* and without disclosure to the challenging party, private communications between members of an interest arbitration panel, where the challenging party does not consent to such review.

Absent a clear showing by either party that the Court has an obligation or the authority to proceed otherwise, the Court will issue its final decision without further inquiry into the content of the private communications.

  /s/
  PETER J. MESSITTE
  UNITED STATES DISTRICT JUDGE